IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL J. McCOLLUM and      *
CATHY D. BROOKS-McCOLLUM,

                       *

    Plaintiffs,

                       *

     v.

                       *

NJ DIVISION OF MOTOR VEHICLE,      Civil Action No. RDB-12-1525
PENNSYLVANIA DEPARTMENT      *
OF TRANSPORATION, and
MARYLAND DEPARTMENT OF      *
MOTOR VEHICLES,

                       *

    Defendants.           *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

*Pro se* plaintiffs Samuel J. McCollum and Cathy D. Brooks-McCollum (together,

"Plaintiffs") have filed this action against the New Jersey Motor Vehicle Commission ("New

Jersey MVC");[1] the Pennsylvania Department of Transportation ("PennDOT"); the

Maryland Motor Vehicle Administration ("Maryland MVA");[2] 21st Century Auto Group; JP

Morgan Chase; and Citicard.[3] The Plaintiffs make various allegations arising out of their

purchase of two used vehicles from 21st Century Auto Group in Springfield, New Jersey.

Currently pending before this Court are six motions: Plaintiffs' Motion for Default Judgment

---

[1] In their filings, the Plaintiffs identified this Defendant as the "NJ Division of Motor Vehicle;" however, this party's proper name is the New Jersey Motor Vehicle Commission.
[2] The Plaintiffs identified this Defendant as the "Maryland Department of Motor Vehicles;" however, this party's proper name is the Maryland Motor Vehicle Administration.
[3] 21st Century Auto Group, JP Morgan Chase, and Citicard are first mentioned in the Plaintiffs' Motion to Amend Complaint Adding New Defendant (ECF No. 13). For the reasons explained in note 5 and associated text *infra*, this Motion is granted. Therefore, 21st Century Auto Group, JP Morgan Chase, and Citicard are added as Defendants in this action.

as to PennDOT (ECF No. 8);[4] Maryland MVA's Motion to Dismiss for Lack of Jurisdiction (ECF No. 10); Plaintiffs' Motion to Amend Complaint Adding New Defendant (ECF No. 13); PennDOT's Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside Default Judgment (ECF No. 23); New Jersey MVC's Motion to Dismiss for Lack of Jurisdiction (ECF No. 28); and Plaintiff's Motion to Amend Complaint (ECF No. 33). Because Plaintiffs' first Motion to Amend Complaint (ECF No. 13) was filed within twenty-one days after a defendant's service of a motion under Rule 12(b), this motion is GRANTED pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[5]

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion for Default Judgment as to PennDOT (ECF No. 8) is DENIED; Maryland MVA's Motion to Dismiss for Lack of Jurisdiction (ECF No. 10) is rendered MOOT as Plaintiffs' Action against Maryland MVA is DISMISSED; PennDOT's Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside Default Judgment (ECF No. 23) is GRANTED; New Jersey MVC's Motion to Dismiss for Lack of Jurisdiction (ECF No. 28) is GRANTED; and Plaintiff's Motion to Amend Complaint (ECF No. 33) is DENIED. In addition, the action against the remaining Defendants 21st Century Auto Group, JP Morgan Chase, and Citicard is DISMISSED for lack of subject matter jurisdiction.

---

[4] The Plaintiffs' Motion for Default Judgment originally pertained to both New Jersey MVC and PennDOT. However, New Jersey MVC submitted a Motion to Vacate Default, ECF No. 21, which this Court granted on September 4, 2012, *see* Order, ECF No. 27. Therefore, the Motion for Default Judgment remains pending only as to PennDOT.

[5] Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to amend its pleading "once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B).

BACKGROUND

The facts contained in the Plaintiffs' Amended Complaint, ECF No. 13, supplement the facts set out in the original Complaint, ECF No. 1. For this reason, this Court will draw from both sets of allegations in setting out the background of this case.

*Pro se* plaintiffs Samuel J. McCollum and Cathy D. Brooks-McCollum (together, "Plaintiffs") reside in Elkton, Maryland. Compl. ¶ 1. On March 3, 2012, they purchased two used vehicles from 21st Century Auto Group, a used car dealership located in Springfield, New Jersey. *Id.* ¶ 2; Am. Compl. ¶ 3. One of the two vehicles, a used 2008 BMW 328xi, was intended to be a present for the Plaintiffs' daughter on her sixteenth birthday. Compl. ¶ 5. The Plaintiffs paid $19,139.00 for the vehicle, using loan proceeds issued to them from the Pennsylvania State Employees Credit Union. *Id.* ¶ 1; Pls.' Exs. 1, 2. The State of New Jersey then issued a temporary vehicle registration for the vehicle.

The Plaintiffs allege that 21st Century Auto Group refused to deliver title for the BMW 328xi even though the dealership received payment of the purchase price as well as state excise taxes. Compl. ¶¶ 4, 7; Pls.' Ex. 2. The BMW 328xi's temporary registration tags expired on March 23, 2012. Compl. ¶ 4; Maryland MVA's Mot. to Dismiss 3. Thus the Plaintiffs were forced to move the BMW 328xi to a garage, where they have kept it until the date they filed their complaint. Compl. ¶ 4. In June, the State of Maryland issued a "Hold title" for the Plaintiffs' BMW 328xi. Am. Compl. ¶ 5.

On the same date that the Plaintiffs purchased their BMW 328xi, they also purchased another vehicle from 21st Century Auto Group—a used BMW 528xi. *Id.* ¶ 3. Although the BMW 528xi's temporary tags also expired, the Plaintiffs were able to license the vehicle.

*Id.* ¶ 4.   However, the Plaintiffs complain that they had to repair their BMW 528xi in order to make it "state compliant."   *Id.* ¶ 5.   They allege that 21st Century Auto Group refused to pay for those repairs and that under their contract with 21st Century Auto Group the dealership is required to reimburse the Plaintiffs for those expenses.  *Id.* ¶¶ 10-13.

In their original Complaint and Amended Complaint, the Plaintiffs allege various injuries.  First, they claim that they have not been able to enjoy the use of their BMW 328xi due to 21st Century Auto Group's failure to release the lien on the vehicle and failure to deliver title.  Compl. ¶¶ 4, 7.   Second, they claim that they spent "in excess of $7,000 in making repairs, "because neither vehicle was in the position to pass state inspection," and in paying for "taxes and tag a second time."  Am. Compl. ¶ 7.  Moreover, the Plaintiffs allege that two additional Defendants, JP Morgan Chase and Citicard, "cause[d] liability" by releasing funds to 21st Century Auto Group, and that 21st Century Auto Group "presented fraudulent documentation" to JP Morgan Chase and Citicard.  *Id.* ¶¶ 15-16, 18.

On May 21, 2012, the Plaintiffs filed this action against the New Jersey Motor Vehicle Commission ("New Jersey MVC"); the Pennsylvania Department of Transportation ("PennDOT"); and the Maryland Motor Vehicle Administration ("Maryland MVA"), asserting 28 U.S.C. § 1330 ("section 1330") as the basis for jurisdiction.[6]  On July 27, 2012, the Plaintiffs filed an Amended Complaint, adding additional Defendants 21st Century Auto Group, JP Morgan Chase, and Citicard.   Am. Compl. ¶¶ 1, 15.   In their Amended

---

[6] Compl. 1.  Section 1330 is a provision of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332(a), 1391(f), 1441(d), 1602-11, which governs federal jurisdiction over cases involving foreign states and sets forth the law of sovereign immunity.  *See, e.g., Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983) (reviewing the history and purpose of the Foreign Sovereign Immunities Act and in particular section 1330).

Complaint, the Plaintiffs continue to assert section 1330 as the basis for federal jurisdiction. *Id.* at 1. It appears, however, that the Plaintiffs intended to proceed on grounds of diversity, as they indicated in the cover sheet accompanying their original Complaint. *See* Civil Cover Sheet, ECF No. 1-6.

With respect to the BMW 328xi, the Plaintiffs request this Court to order, pursuant to Maryland Rule 15-701,[7] "any and all states . . . having a relationship to" their BMW 328xi to issue all the necessary paperwork and release any titles associated with the vehicle. Compl. 1, 3. In particular, the Plaintiffs seek an order requiring the Commonwealth of Pennsylvania to release the title it holds to their BMW 328xi and the State of New Jersey to release "any title interest they may have" in the vehicle, so that it can be titled in the State of Maryland. *Id.* The Plaintiffs also request an order obligating the State of Maryland to "process all and any necessary paperwork as to issue Title, Tags, and Registration to said vehicle[,] without assessing Plaintiffs additional taxes already paid." *Id.* The Plaintiffs ask that the Defendants be held responsible for "any taxes due to the state of Maryland" and that all of the parties to this action treat this Court's order "as full proof of ownership of vehicle." *Id.* ¶ 7; 3 ¶ 1. The Plaintiffs do not allege an amount in controversy in their Complaint.[8]

With respect to the BMW 528xi, the Plaintiffs request that this Court order JP Morgan Chase to "remove the costs of $2,899.99 and any interest" charged to the Plaintiffs

---

[7] Maryland Rule 15-701 is Maryland's writ of mandamus. Md. Code Ann, Md. Rule 15-701.

[8] Some of the Defendants note, however, that the recent sale of the Plaintiffs' BMW suggests a market value of under $20,000. *See* Maryland MVA's Mem. in Support of Motion to Dismiss 5, ECF No. 10-1; PennDOT's Brief in Support of Mot. to Dismiss & Mot. to Set Aside Default J. 5 n.1, ECF No. 24.

to cover "some of the damage they incurred as a result of the purchase of said vehicle."  Am. Compl. 5, ¶ 2.  They also ask that Citicard "remove the costs of $3,000 and any interest" charged to the Plaintiffs to cover those same damages.  *Id.* 6, ¶ 3.

Five motions remain pending in this case.  This Court will first address the Plaintiffs' Motion for Default Judgment as to PennDOT, ECF No. 28.[9]  Then this Court will consider three Defendants' motions to dismiss,[10] which argue for dismissal on similar grounds—in particular, lack of subject matter jurisdiction.  Finally, this Court will decide Plaintiff's Motion to Amend Complaint, ECF No. 33.

## STANDARDS OF REVIEW

### A.  Motion for Default Judgment

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court."  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).  The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).  Thus, the

---

[9] As explained in note 4 *supra*, the Motion for Default Judgment remains pending only as to PennDOT.

[10] Pending before this Court are Maryland MVA's Motion to Dismiss for Lack of Jurisdiction, ECF No. 10; PennDOT's Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside Default Judgment, ECF No. 23; and New Jersey MVC's Motion to Dismiss for Lack of Jurisdiction, ECF No. 28.

"long-held view" in the Fourth Circuit is that motions to set aside default judgment are to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Colleton*, 616 F.3d at 421 (citations omitted).

### B. Motion to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).  A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.  Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to

determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

### C.  Motion to Amend Complaint

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once, as a matter of course. . . .  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court explained that "in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"  The United States Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  An amended complaint is futile if it "fails to satisfy the requirements of the federal rules." *United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted).  Thus, if an amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief can be granted, the

amendment is futile and should be denied.  *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

ANALYSIS

**I.  Plaintiffs' Motion for Default Judgment as to PennDOT (ECF No. 8)**

The Plaintiffs moved for summary judgment against New Jersey MVC and PennDOT on July 5, 2012 pursuant to Rule 55 of the Federal Rules of Civil Procedure. Mot. for Default J., ECF No. 8.  The deputy clerk of this Court entered default as to both Defendants on July 9, 2012.  *See* Order of Default, ECF No. 9.  Because this Court granted New Jersey MVC's Motion to Vacate Default in an Order issued on September 4, 2012, *see* Order, ECF No. 27, the Plaintiffs' Motion for Default Judgment remains pending only as to PennDOT.

PennDOT has asked this Court to set aside the default judgment entered against it. *See* PennDOT Mot. to Dismiss & Mot. to Set Aside Default J. 6-12, ECF No. 23.  A court may set aside an entry of default "for good cause shown" pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  Taking into account PennDOT's filing of a motion to dismiss this case and the Fourth Circuit's "strong preference" for disposing of claims on their merits, this Court will deny the Plaintiffs' Motion for Default Judgment and set aside the entry of default against PennDOT.

**II. Defendants' Motions to Dismiss (ECF Nos. 10, 23, 28)**

A.  Maryland MVA's Motion to Dismiss (ECF No. 10)

Defendant Maryland MVA argues that the Plaintiffs' Complaint should be dismissed

under Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction to hear this case.  Maryland MVA Mot. to Dismiss 4-5, ECF No. 10.  Maryland MVA also argues that this Complaint should be dismissed because a federal district court cannot "enjoin, suspend, or restrain" the assessment of a state tax under 28 U.S.C. § 1341 and because the Eleventh Amendment bars suit against the Maryland MVA, which operates as an "arm of the State."  *Id.* at 5-8.

The Plaintiffs agree that Maryland MVA should not be a party to this case.  In their Motion for Default Judgment filed on July 5, 2012, they asked this Court to dismiss all charges against the Maryland MVA because they had "resolved any issues governing said vehicle with them."  Mot. for Default J. 1, ECF No. 8.  Additionally, the Plaintiffs explained in their Response to Maryland MVA's Motion to Dismiss filed on July 27, 2012 that Maryland MVA should not be a party to this case.  Resp. Maryland MVA Mot. to Dismiss 2, ECF No. 12.  Finally, in a second Response to Maryland MVA filed on August 14, 2012, the Plaintiffs asked this Court to treat their July 5 and July 27 filings as a request for voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  Resp. Maryland MVA Mot. to Dismiss 2, ECF No. 19.

The Plaintiffs may not resort to Rule 41(a)(1)(A)(i), which allows a party to dismiss an action without court order only if the opposing party has not served an answer.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  However, this Court is willing to honor the Plaintiffs' request and therefore orders a dismissal of the Plaintiffs' action against the Maryland MVA pursuant to Rule 41(a)(2), which permits a voluntary dismissal by court order.  *See* Fed. R. Civ. P. 41(a)(2).  This dismissal has no prejudicial effect.  *Id.*  Because Maryland MVA is dismissed

from this case by court order, Maryland MVA's Motion to Dismiss, ECF No. 10, is rendered moot.

### B. PennDOT's Motion to Dismiss (ECF No. 23)

PennDOT requests that all claims against it be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction to hear this case. Specifically, PennDOT asserts that 28 U.S.C. § 1330 provides no basis for jurisdiction in this case. PennDOT Brief in Support of Mot. to Dismiss & Mot. to Set Aside Default J. 5, ECF No. 24. Moreover, PennDOT argues that there is no diversity jurisdiction because the amount in controversy, which the Plaintiffs have not alleged, cannot exceed $75,000. *Id.* at 4-5, n.1. PennDOT also maintains that there is also no federal question raised in the Complaint to establish federal question jurisdiction. *Id.* at 5. Finally, PennDOT argues that as a state agency PennDOT is immune from suit under the Eleventh Amendment. *Id.* at 5-6.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d at 799. A court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Id.* As this Court has already explained,[11] the Plaintiffs' Complaints assert a basis for federal jurisdiction pursuant to 28 U.S.C. § 1330 ("section 1330"). Section 1330 is a provision of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332(a), 1391(f), 1441(d), 1602-11, which governs federal jurisdiction over cases

---

[11] *See* note 6 and associated text *supra.*

involving foreign states.  *See, e.g.*, *Verlinden B.V*, 461 U.S. 480.  Because this case involves two

Maryland residents, state agencies in New Jersey, Pennsylvania, and Maryland, and

companies incorporated in the United States, section 1330 provides no jurisdictional basis

for this case.

In the Plaintiffs' Civil Cover Sheet accompanying the original Complaint, they

indicated that this case would proceed on grounds of federal diversity jurisdiction.  *See* Civil

Cover Sheet, ECF No. 1-6.  Federal diversity jurisdiction is set forth in 28 U.S.C. § 1332

("section 1332"), which states that a district court will have original jurisdiction over a civil

action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States."  23 U.S.C. § 1332(a)(1).

In this case, section 1332 does not provide a basis for federal jurisdiction because the

amount in controversy does not exceed $75,000.  The Plaintiffs have not alleged an amount

in controversy.  It is clear, however, that even when liberally construing the Plaintiffs'

Complaint the amount in controversy cannot exceed the jurisdictional threshold of $75,000.

The injury alleged in the original Complaint is the Plaintiffs' inability to enjoy their BMW

328xi, for which they paid $19,139.00.  Compl. ¶ 1; Pls.' Exs. 1, 2.  The additional injuries

alleged in the Plaintiffs' Amended Complaint would not increase the amount in controversy

above the jurisdictional threshold set out in section 1332.  In the Amended Complaint, the

Plaintiffs allege that they were required to pay over $6,000 in expenses because neither

vehicle that they purchased from 21st Century Auto Group "was in the position to pass state

inspection."  Am. Compl. ¶ 7.  The Plaintiffs also allege that they were "forced to pay for

taxes and tag a second time . . . ."  *Id.*  In sum, the Plaintiffs assert that these additional

injuries resulted in costs "in excess of $7,000." *Id.* Even taking these additional costs into account, the Plaintiffs cannot allege an amount in controversy exceeding $75,000 as required under section 1332.

Federal question jurisdiction is also inapt in this case.  As set forth in 28 U.S.C. § 1331 ("section 1331"), a district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."  Neither the Plaintiffs' original Complaint nor their Amended Complaint raises a federal question providing a basis for this Court to hear their case.  The Plaintiffs' case involves their purchase of two used BMW vehicles, the contracts governing those purchases, and the state vehicle codes pertaining to the titling of the vehicles.  These are not matters of federal law.  Thus this Court may not hear this case pursuant to section 1331.

In conclusion, the Plaintiffs' Complaint "fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.  For this reason, this Court may not hear the case, and the Plaintiffs' action against PennDOT must be dismissed.[12]

### C. New Jersey MVC's Motion to Dismiss (ECF No. 28)

New Jersey MVC requests that all claims against it be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because there is no subject matter jurisdiction to hear these claims.  New Jersey MVC Mem. in Support of Mot. to Dismiss 3, ECF No. 28-1.  New Jersey MVC also argues that these claims are barred by the Eleventh Amendment. *Id.* at 1-2.  As this Court found in Section II.B, this Court does not have authority to hear the Plaintiffs' claims because it lacks subject matter jurisdiction.  The

---

[12] Because this Court lacks the authority to hear the Plaintiffs' case against PennDOT, it need not address PennDOT's argument that it is immune from suit under the Eleventh Amendment.

Foreign Sovereign Immunities Act, section 1331, and section 1332 do not provide a jurisdictional basis to hear this case.  Accordingly, this Court dismisses Plaintiffs' action against New Jersey MVC.[13]

D. Lack of Subject Matter Jurisdiction with Respect to Remaining Defendants

This Court has found that it lacks subject matter jurisdiction to hear this case.  It also has no authority to hear the action against the three remaining Defendants, 21st Century Auto Group, JP Morgan Chase, and Citicard.  The Foreign Sovereign Immunities Act provides no jurisdictional basis; section 1331 is inapt because no federal question is raised in either the Plaintiff's original Complaint or Amended Complaint against these Defendants; and section 1332 is not applicable because the amount in controversy does not exceed $75,000.  *See* Sections II.B & II.C *supra*.  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court must dismiss the action against these Defendants where it "determines at any time that it lacks subject-matter jurisdiction."  Accordingly, the action against 21st Century Auto Group, JP Morgan Chase, and Citicard is dismissed for lack of subject matter jurisdiction.

**III.    Plaintiffs' Motion to Amend Complaint (ECF No. 33)**

On October 9, 2012, the Plaintiffs submitted a second Motion to Amend Complaint. Pls.' Mot. to Amend Compl., ECF No. 33.  In this Motion to Amend, Plaintiffs seek to add as parties "all the individual state parties" and "any other parties who may be deemed

---

[13] Because this Court lacks the authority to hear the Plaintiffs' case against New Jersey MVC, it need not address New Jersey MVC's argument that it is immune from suit under the Eleventh Amendment.

necessary to said pleadings [and] who are not protected by the Immunity afforded the State itself." *See* Proposed Order, Pls.' Mot. to Amend 5.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once, as a matter of course" if the amendments are submitted within twenty-one days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). The Plaintiffs already amended their Complaint once as a matter of course.[14] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amended complaint is futile if it "fails to satisfy the requirements of the federal rules." *United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). In this case, the Plaintiffs' amendments would indeed be futile. This Court lacks subject matter jurisdiction to hear this case, and the Plaintiffs' proposed amendments do not cure these jurisdictional deficiencies. Thus this Court denies the Plaintiffs' Motion to Amend Complaint as futile.

---

[14] *See* note 5 and associated text *supra.*

<u>CONCLUSION</u>

For the reasons stated above, this Court makes the following rulings: Plaintiffs' Motion to Amend Complaint Adding New Defendant (ECF No. 13) is GRANTED; Plaintiffs' Motion for Default Judgment as to Pennsylvania Department of Transportation (ECF No. 8) is DENIED; the Clerk's Entry of Default as to Pennsylvania Department of Transportation (ECF No. 9) is SET ASIDE; Maryland MVA's Motion to Dismiss for Lack of Jurisdiction (ECF No. 10) is rendered MOOT; Plaintiffs' action against Maryland MVA is DISMISSED; PennDOT's Motion to Dismiss for Lack of Jurisdiction and Motion to Set Aside Default Judgment (ECF No. 23) is GRANTED; New Jersey MVC's Motion to Dismiss for Lack of Jurisdiction (ECF No. 28) is GRANTED; and Plaintiff's Motion to Amend/Correct Complaint (ECF No. 33) is DENIED.

A separate Order follows.

Dated:        December 11, 2012              _____/s/_____

                                             Richard D. Bennett
                                             United States District Judge

16